**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM ARGENTINA )
IN THE MATTER OF ) Misc. No. 08-
ETCHEGARAY )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Argentina. The translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Argentine authorities who are investigating a case of alleged failure to report purchases while serving as a military attache.

EVIDENCE SOUGHT:

The Argentine authorities seek information from a corporation that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person

>appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

>Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Argentina and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority

to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 4 Feb '08

TRADUCCIÓN PÚBLICA – CERTIFIED TRANSLATION----------------------------

[Page 1 - Obverse]---------------------------------------------------------------

[Top left corner – Oval ink seal belonging to the requesting court] Juzgado Nacional en lo Criminal y Correccional Federal N°9 – Capital Federal [National Court on Federal Criminal and Correctional matters No.9 – Capital City of Argentina - Argentina's coat of arms and a star printed in the centre of the seal]------------------------------

[Top margin centre - There appears a rectangular ink seal that reads:] Juzgado Nacional en lo Criminal y Correccional Federal N°9 – Secretaría N°18 [Federal Court on Criminal and Correctional Matters No.9 – Court Clerk Office No.18].-----------------

[Over the lower left corner of the previous seal, there appears an illegible signature and explanatory seal that reads:] Octavio Aráoz de Lamadrid, Federal Judge.-----------

[At the same level, to the right, there appears an illegible signature and explanatory seal that reads:] Juan Manuel Grangeat, Court Clerk.---------------------------------

Octavio Aráoz de Lamadrid, National Judge on Federal Criminal and Correctional matters No.9 in Buenos Aires City, Argentine Republic;---------------------------------

To the Chief of the Office of International Affairs of the Criminal Division of the U.S. Department of Justice (1301 New York Avenue, N.W. Washington D.C. 20005)--------

I hereby greet, request and inform that: Federal Criminal Correctional Court No.9, which I preside, Court Clerk Office No.18 held by Mr. Juan Ernesto Rozas [**Juzgado Nacional en lo Criminal y Correccional Federal N°9 de la Ciudad de Buenos Aires, Secretaría N°18**], (located at Avenida Comodoro Py 2002, piso 4°, Buenos Aires, Argentina) is hearing the case in docket no.19063/2006, captioned "Etchegaray, Ricardo José on malicious omission of affidavit" [**"Etchegaray, Ricardo José s/Omisión maliciosa de declaración jurada"**]. In the course of these proceedings, it has been ordered to execute this letter rogatory as provided under articles 1, 4 and

1



concordant ones, of Appendix "A" of Law No.24034 (Treaty on Legal Assistance in Criminal Matters with the United States of America), in response to the note issued on June 22nd 2007 responding note no.722/2007.- "Buenos Aires, August 22nd 2007.- The note from the Office of International Affairs of the Criminal Division of the U.S. Department of Justice was properly received and added to the docket. Considering the petition there expressed, in order to respond to it and fulfil the requisites prescribed by article 4 of Appendix "A" of Law No.24034, it should be borne in mind that this case involves the investigation of the alleged crime of malicious omission of affidavit, defined and punished by the provision of section 268 (3) last paragraph of the Argentine Penal Code, which reads: *Section 268 (3).- Any person who, due to their post, was obliged by provision of law to submit an assets affidavit and maliciously omitted doing so, is punishable by imprisonment for fifteen days to two years and permanent special disqualification. This crime is committed when, given actual notice, the individual fails to comply with the referenced duties upon the deadline prescribed by the applicable law. Any person who maliciously falsified or omitted to insert data in the before mentioned affidavits, which are compulsorily required by the law or applicable regulations, is punishable likewise. Amended by Law No.25188, Section 39 (Section integrated to be specifically enforced as from the eighth day after its publication – Official Gazette 11/1/99).-------------------------------------------------------

This legal action was brought by the report submitted with the Court of Appeals of this jurisdiction by Martín Andrés Montero, Investigations Director------------------------------

[Page 1 - Reverse]-----------------------------------------------------------------------------

of the Anti-corruption Office, as provided under order no.729/06 of the record book of that agency. Such report informs that in the course of investigation no.21426, conducted by the Fiscalía Nacional de Investigaciones Administrativas [National



Attorney for Administrative Investigations Office], it would have been found that some public officials, in office and who would be included in the database kept by the Subsecretaría de Ingresos Públicos del Ministerio de Economía de la Provincia de Buenos Aires [Public Income Sub-secretary of the Ministry of Economy of Buenos Aires Province], would be holders of Credit and/or Debit cards issued by banks located abroad. This situation would have been detected in the statements of expenditures occurred in Argentina during the year 2004. The National Attorney, head of that office, Mr. Manuel Garrido, required the Anti-corruption Office to open the classified appendixes to the Comprehensive Assets Affidavits belonging to some officials, Mr. Ricardo José Etchegaray's amongst them. Thus, the Anti-corruption Office could, by means of proper investigation, notice that Ricardo José Etchegaray had used and would be the holder of VISA credit card no. 4036470000038912 issued by the MBNA AMERICA, DELAWARE NATIONAL ASSOCIATION, located in the UNITED STATES of AMERICA, which he failed to declare in his assets affidavits of the years 2003, 2004 and 2005. In connection with this, the company VISA ARGENTINA stated that no information regarding the identity of credit card holders issued abroad is available for them, but explained that, from the first digits of that card it could be inferred that it had been issued by the MBNA AMERICA, DELAWARE NATIONAL ASSOCIATION, located in the UNITED STATES of AMERICA. Besides, the Dirección Adjunta de Fiscalización del Departamento de selección y Seguimiento de casos [Associate Bureau of Supervision of the Selection and Investigation of Cases Department - Auditing office], which reports to the Dirección Provincial de Rentas [Revenues Office of the Province], contributed with some written evidence of the commercial transactions performed with the credit card under consideration. Therefore, I find it relevant and useful for this investigation, as requested by the National

3



Attorney, to execute this diplomatic letter rogatory to the Federal Judge on duty in the City of Washington D.C., U.S.A. in order that "MBNA America (Delaware) National Association" bank, located in the United States of America, be required to inform if that institution issued Credit Card VISA No. 4036470000038912; and if it did, to be so kind as to disclose data of its holder, as well as of the accounts that could be related to such credit card. As regards the question arising from the note of reference, since it is enquired how a credit card consitutes a crime, it is hereby informed that the cause of action of this proceeding is to prove the-------------------------------------------------------

[Page 2 - Obverse]--------------------------------------------------------------------------

alleged default by Mr. Ricardo José Etchegaray, Military Attaché of the Argentine Army in Washington DC, United States of America, then in office. He would have omitted to state, in his assets affidavits of the years 2003, 2004 and 2005, the existence of the credit card mentioned. Thus, he has been charged with the criminal offence provided under section 268(3) of our substantive law, which punishes any person who "… due to their post, was obliged by provision of law to submit an assets affidavit and maliciously omitted doing so". Consequently, it becomes evident upon examination thereof, that the aim of such norm of criminal law is to attribute perfect transparency to the various acts performed by public officials. This is always connected with the exaggerated increase of their assets, considering the remuneration they are paid for the position filled. For this reason, the criminal offence at issue is closely related to the provisions of section 268(2) of the Argentine Penal Code, which states that: "Any person who, upon duly request of law, did not justify the source of a significant enrichment, whether their own or covered by a third person, which occurred upon taking public office and until two years after leaving such post, is punishable by imprisonment for two to six years, a fine amounting from a fifty to one hundred per

cent of such enrichment and a permanent absolute disqualification. Enrichment, as stipulated here, shall not only involve an increase of the assets in terms of money, things or goods, but also the payment of debts or discharge of obligations which affected such assets. Any third person used to cover the enrichment is punishable by the same penalty as the author of the crime himself" (As amended by: Section 38 of Law No. 25188 –section replaced to be specifically in force as from the eighth day upon publication in the Official Gazette dated 11/1/99).- Argentine jurists, like Edgardo Alberto Donna, support this position explaining that "The legal interest protected is the transparency of the civil service" and that "Imposing a system of comprehensive assets affidavits, both upon beginning and end of the public office, means a sound attempt to hinder illicit enrichment in the course of such position; in turn, it produces evidence to corner those who, taking advantage of their position as public officials, illegally increase their assets". (Delitos contra la Administración Pública [Crimes against the Administration], Colección Autores de Derecho Penal [Criminal Law Authors Collection], Rubinzal-Culzoni Editores [publisher], pages 408/9).------

[Page 2 – Reverse]-----------

It deserves to be outlined that "…this conduct must be illegally omissive and the doer aware of the fact that it is illegal; thus, the omission must be malicious" (Cf. Sebastián Soler, "Derecho Penal Argentino" [Argentine Criminal Law], second print, Volume V, page 162, Ed. Tipográfica Editora Argentina (publisher), Buenos Aires, 1953).- Malicious behaviour involves the performance of certain conduct – in this case the omission to submit an assets affidavit by a public official – in order to conceal or deceive the controlling authorities as regards the financial position actually enjoyed by the one accused of such behaviour.- On discussing the provisions of section 268(3) of the Penal Code, he states that "Malice is the hidden intention, obviously wicked and

mordacious, used to say or do something. In connection with the section at issue, the individual must act knowingly and willingly- a purposeful addition: the failure to announce or misstate so as to induce error regarding his financial position" (page 412 *Op cit*).- With the object of executing the previously described measure, shall the required official letters be issued under the provision of art. 1, 4 and concordant ones of Appendix "A" of Law 24034(Treaty on Legal Assistance in Criminal Matters with the United States of America). "Signed: Octavio Araoz de Lamadrid, Federal Judge. Before: Juan Manuel Grangeat, Federal Court Clerk". Offering reciprocity in similar cases, I request early and true performance hereof. Issued, sealed and signed in my official chamber, in Buenos Aires City, on the twenty-second day of August, twenty hundred and seven.----

[On the right side there appears an illegible signature and explanatory seal that reads:] Octavio Aráoz de Lamadrid, Federal Judge.----

[On the lefts side there appears a rectangular ink seal that reads:] Juzgado Nacional en lo Criminal y Correccional Federal N°9 – Secretaría No.18 [Federal Court on Criminal and Correctional Matters No.9 – Court Clerk Office No.18].----

[Below them, in the center, there appears an illegible signature and explanatory seal that reads:] Juan Manuel Grangeat – Federal Court Clerk----

I hereby **CERTIFY** that the foregoing signature was set before me and it is the one habitually used by Mr Juan Manuel Grangeat in every act. Buenos Aires, March 23rd 2007.----

[On the right side there appears an illegible signature and explanatory seal that reads:] Octavio Aráoz de Lamadrid, Federal Judge.----

[Pages 1 and 2 are co-sealed with an oval ink seal that bears the Argentine coat of arms in the center and reads:] Cámara Nacional de Apelaciones en lo Criminal y

6



Correccional Federal [National Court of Appeals on Federal Criminal and Correctional Matters] – Presidence.————————————————————————

[Page 3 – Obverse]————————————————————————

Case No. 19063/2006.————————————————————————

The National Judiciary————————————————————————

In my capacity of First Vice-President of the Excma. Cámara Nacional de Apelaciones en lo Criminal y Correccional de la Capital Federal [National Court of Appeals on Federal Criminal and Correctional Matters of the Federal Capital City], I CERTIFY that the foregoing signature belongs to Federal Judge Mr. Octavio Aráoz de Lamadrid.-

Buenos Aires, August 23th 2007.————————————————————————

[There appears an illegible signature and explanatory seal that reads:] Martín Irurzun.--

[Page 3 – Reverse is blank]————————————————————————

I, María José Costanzo, Certified Translator of English officially appointed by the court, hereby CERTIFY that the foregoing is a true translation into English, of the original document written in Spanish, attached hereto. In Buenos Aires City, on the fifth day of September, 2007.————————————————————————

CERTIFICO que la que antecede es traducción fiel al idioma inglés del documento original redactado en idioma castellano que se encuentra adjunto. En la Ciudad Autónoma de Buenos Aires, a los cinco días del mes de septiembre de 2007.————————————————————————

*María José Costanzo*
TRADUCTORA PUBLICA INGLES
MAT. T° XII F° 359
CAPITAL FEDERAL
INSC. C.T.P.C.B.A. N° 4060

REFOLIADO CONFORME (DEC. Nº 1883/91)
PROCEDIMIENTOS ADMINISTRATIVOS.-
DESDE Folio Nº 13    A Folio 80
FECHA 12/09/2007    FIRMA

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM ARGENTINA IN THE MATTER OF ETCHEGARAY | ) ) ) Misc No. 08- ) |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Argentina whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Argentina and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Argentine authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Argentina, which procedures may be specified in the request or provided by the Argentine authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Argentine authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated:  This _____ day of _____, 2008.


_____
United States District Court Judge